# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DAVE CADET,

    Plaintiff/ Counterclaim Defendant,

v.

INFINITY INSURANCE COMPANY,

    Defendant/ Counterclaimant.

CIVIL ACTION NO.
1:11-CV-02367-RWS

## ORDER

This case comes before the Court on Defendant Infinity Insurance Company's Emergency Motion to Enforce Settlement and Motion for Sanctions [20] (hereinafter "Defendant's Motion"). As Plaintiff has failed to file a response to Defendant's Motion, the Court deems it unopposed. After considering the record, the Court enters the following Order.

## Discussion

### I. Motion to Enforce the Settlement

The Court finds that the parties have reached a binding settlement in this case that must be enforced. Under Georgia law, which governs the analysis in this case as the Court is sitting in diversity, "[t]he authority applicable to . . .

settlement agreements is truly 'black letter law.'" McClain v. George, 600 S.E.2d 837, 839(Ga. App. 2004). The Georgia Court of Appeals has explained the "black letter law" governing settlement agreements as follows:

> It is well settled that our law favors compromises, and an agreement to settle a pending lawsuit should be enforced according to its terms. A compromise of a dispute is binding on the parties. Where, as here, the parties have entered into a definite, certain, and unambiguous mutual release and settlement of their claims, a trial court should make that settlement the judgment of the court, thereby terminating litigation.

Id. at 839-40.

In this case,[1] Defendant filed a Notice of Settlement [19] with the Court on September 12, 2011. This Notice of Settlement was filed with the express consent of Plaintiff's counsel. (Def.'s Mot. Ex. 2, Dkt. No. [20-2] at 9.) The parties thereafter executed a Mutual General Release (the "Release"), releasing all claims against the other and agreeing to file a joint dismissal of the case. (Release, Def.'s Mot. Ex. 1, Dkt. No. [20-1].) The Release was executed by

---

[1] The underlying facts of this case are not relevant to the instant motion but are briefly provided for context. Plaintiff initiated this action in Fulton County State Court after his automobile was stolen, stripped, and vandalized, seeking damages pursuant to an automobile insurance policy and under a Georgia statute governing bad faith refusal to pay. (Compl., Dkt. No. [1-1].) Defendant removed the action to this Court on the basis of diversity of citizenship. (Notice of Removal, Dkt. No. [1].)

Defendant on September 14, 2011 and by Plaintiff on September 27, 2011.[2] (Release at 5, id. at 6, 18.)

Under the terms of the Release, "The Parties . . . agree to dismiss and settle their respective claims, with prejudice." (Release at 1, id. at 2, 13.) No reservations are made in the Release, which instead extends to "any and all claims and causes of actions arising from conduct, known and unknown, tortious or otherwise, attributable to released parties that occurred prior to the execution of this Agreement." (Release at 2, id. at 3, 14.) The Release also contains an integration clause, providing that it "contains the entire agreement between the Parties." (Release at 5, id. at 6, 17.) Finally, the Release obligates the parties to execute and file a joint dismissal with prejudice in the action. (Release at 1, id. at 2, 13.) Attached to the Release as Exhibit "A" is a Joint Voluntary Dismissal with Prejudice, which is signed by both counsel for Plaintiff and counsel for Defendant. (Id. at 9-10.)

Despite the fact that Plaintiff has executed the Release and Plaintiff's

---

[2] The parties executed the Release in counterparts, both of which appear at Exhibit 1 to Defendant' Motion. The Court refers to the two counterparts collectively as the "Release." Citations to specific provisions in the Release are in the format "Release at [Release Page Number], Defendant's Motion Exhibit 1, Dkt. No. [20-1] at [Exhibit Page Numbers]." The two Exhibit page numbers refer correspond to the copy of the agreement signed by Plaintiff and the copy signed by Defendant, respectively.

counsel the Joint Voluntary Dismissal with Prejudice, Plaintiff's counsel is refusing to comply with the terms of the Release by revoking counsel's consent to file the joint dismissal until "[Plaintiff] has his car back . . . ." (Def.'s Mot. Ex. 2, Dkt. No. [20-2] at 15.) However, under the terms of the Release, delivery of Plaintiff's car to Plaintiff is not a condition precedent to the enforceability of the settlement. On the contrary, under the plain terms of the Release, Plaintiff has no right to assert any claim against or make any demand of Defendant arising out of this litigation. Plaintiff instead has released any and all claims he may have had against Defendant, and he has agreed to file with the Court a voluntary dismissal of this action with prejudice. The Court thus concludes that Plaintiff is bound by the plain and unambiguous terms of the Release and the fully executed joint dismissal with prejudice. Accordingly, the Court hereby **ORDERS** the parties bound by the terms of the Release and **DEEMS** the Joint Voluntary Dismissal with Prejudice filed as of the date of this Order.

## II.  Attorney's Fees

Defendant also moves for attorney's fees as a sanction for being forced to bring this Motion. The Court agrees with Defendant that it is entitled to recover the attorney's fees it incurred in connection with this Motion. Under

28 U.S.C. § 1927, "Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An attorney "unreasonably and vexatiously" multiples court proceedings "only when the attorney's conduct is so egregious that it is tantamount to bad faith." Norelus v. Denny's, Inc., 628 F.3d 1270, 1282 (11th Cir. 2010) (internal quotations and citation omitted). "The standard is an objective one, turning on how a reasonable attorney would have acted under the circumstances rather than on the particular attorney's subjective intent." Alford v. Consolidated Gov. of Columbus, Georgia, 438 F. App'x 837, 841 (11th Cir. 2011) (citing Norelus, 628 F.3d at 1282). Thus the Court must compare Plaintiff's counsel's conduct in this case with how a reasonable attorney would have acted under the circumstances. Id.

Under this standard, the Court concludes that Plaintiff's counsel has unreasonably and vexatiously prolonged the proceedings in this case by refusing to honor the terms of the parties' settlement agreement. Under the terms of the Release, there is no good faith justification Plaintiff's counsel could assert for refusing to permit Defendant to file the joint dismissal; indeed,

Plaintiff's counsel has not asserted any justification or explanation whatsoever given counsel's failure to respond to the Motion currently before the Court. Accordingly, the Court hereby **GRANTS** Defendant's Motion for Attorney's Fees. Defendant is **DIRECTED** to file a statement of attorney's fees incurred in connection with this Motion within 14 days of the entry of this Order. Plaintiff shall have 7 days thereafter to file objections.

## Conclusion

In accordance with the foregoing, the Court hereby **GRANTS** Defendant's Emergency Motion to Enforce Settlement and Motion for Sanctions [20]. The Court **ORDERS** the parties to be bound by the terms of the Release. The Court **DEEMS** the Joint Voluntary Dismissal With Prejudice, attached to this Order as Exhibit A, filed as of the date of entry of this Order. The Court **DIRECTS** the Clerk to file the Joint Voluntary Dismissal With Prejudice as a separate docket entry. Finally, the Court **DIRECTS** Defendant to file a statement of attorney's fees incurred in connection with this Motion within 14 days of the entry of this Order. Plaintiff shall have 7 days thereafter to file objections.

**SO ORDERED**, this 16th day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

# EXHIBIT A